NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAMLESH BANGA, | No. 14-17147 |
| Plaintiff-Appellant, | D.C. No. 2:08-cv-01518-MCE-EFB |
| v. | |
| ALLSTATE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Kamlesh Banga appeals pro se from the district court's judgment dismissing her action alleging, among other things, violations under the Fair Credit Reporting Act and California's Unfair Competition Law ("UCL"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Banga's request for oral argument, set forth in her opening and reply briefs, is denied.

Banga has waived her appeal of the dismissal of her UCL claim because she did not object to the magistrate judge's recommendation to construe her UCL claim narrowly, and affirmatively requested, in her opposition to Allstate Insurance Company's objections to the magistrate's findings and recommendation, that the district court adopt the recommendation without any qualification or reservation. *See Loher v. Thomas*, 825 F.3d 1103, 1121 (9th Cir. 2016) (setting forth the standard for finding a waiver of the right to review on appeal and finding that a party's failure to object to the magistrate judge's findings and recommendation and its affirmative invitation to adopt the recommendation constituted a waiver of an issue on appeal).

The district court did not abuse its discretion in denying Banga's request made in the Fourth Amended Complaint that she be permitted to proceed on the UCL claim based on the unfair and fraudulent prongs because the entire UCL claim had already been dismissed and Banga failed to provide any explanation for why leave to amend should have been granted. *See* Fed. R. Civ. P. 15(a); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 677 (9th Cir. 1993) (setting forth standard of review and holding that the district court did not abuse its discretion in denying leave to amend where appellants gave no indication of a

2                                                                                          14-17147

desire to seek leave to amend until after the district court rendered its decision dismissing the claim).

**AFFIRMED.**